Henderson, Judge.
 

 I think that the law was fully and correctly stated by the presiding Judge. No objection is made by tiie Defendant, to the charge on the first point.; he objects to the second.
 

 I cannot well conceive how a possession is lost by one person, unless it is gained by another j they are correlatives. If I lose my goods and they remain lost for twenty' years, and are then found, I may maintain an action for them, aiid the finder will not be protected by the statute of limitations. So if my bailee possess my goods under the bailment for the same period of time, I can maintain an'action against him
 
 ;
 
 for f have not thereby lost my possession, bis possession being my own. There must be a possession adverse to my title, before my pos-, session is destroyed. I speak not here of that actual possession which the owner should have, to maintain trespass
 
 vi et
 
 armis, or to make the goods the subject of larceny ; for peculiar reasons, actual possession in such cases is required. But I speak of that possession which is the
 
 indicium
 
 of title, and which is absolutely necessary to constitute in law a perfect one. The Judge was therefore perfectly correct in instructing the Jury, that title and possession having been shown to have been once in the Plaintiff, that possession continued until another arose in some other person ; and that it was not incumbent on the Plaintiff to prove an actual possession in himself within three years next before suit brought, but that it was incumbent on the Defendant to show a divestment of that possession, by an adverse one in himself, or some other person, with which he could connect his possession.
 

 The Judge was equally correct when he instructed the Jury, that every possession was presumed in law, to be
 
 *469
 
 on (he title, and for the exclusive benefit of the possessor until the contrary be shown and that a possession being , . , . , shown in
 
 Martha Flinn,
 
 such possession was presumed to be for her benefit, and consequently adverse to the Plaintiff’s right, until its fiduciary character was shown by the Plaintiff; and if so shown, no length of time would either bar the Plaintiff’s action, or vest the title in the Defendant.
 

 In using the expression “ with some, other person with whom he can connect his possession,” i have yielded to the common understanding of the profession. But I wish not to he understood as expressing any opinion on the subject, as it is entirely unimportant in the present case*
 

 Per Curiam. — Judgment affirmed*